IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| MICHAEL SCHULTZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPORTSMAN'S WAREHOUSE, INC., and SPORTSMAN'S WAREHOUSE HOLDINGS, INC.,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1332, 28 U.S.C. § 1441, AND 28 U.S.C. § 1446** |

### NOTICE OF REMOVAL

TO:  THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF PENNSYLVANIA, PITTSBURGH DIVISION.

PLEASE TAKE NOTICE that Defendants Sportsman's Warehouse, Inc. and Sportsman's Warehouse Holdings, Inc. ("Sportsman's"), by its undersigned counsel, without waiving the right to assert any defenses, file this Notice of Removal ("Notice") of the state court action entitled *Michael Schultz, individually and on behalf of all others similarly situated v. Sportsman's Warehouse, Inc. and Sportsman's Warehouse Holdings, Inc.*, Case No. GD-24-005855, from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division, consistent with 28 U.S.C. §§ 1332, 1441, and 1446.  In support of removal, Sportsman's respectfully states as follows:

## BACKGROUND AND TIMELINESS FOR REMOVAL

1. On or about May 28, 2024, Plaintiff Michael Schultz ("Plaintiff") filed a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania ("Allegheny County Court Action"). Therein, Plaintiff alleges claims under the "Uniform Firearms Act," 18 Pa. C.S.A. § 6111(i). A true and correct copy of the Complaint in the Allegheny County Court Action is attached to this Notice as Exhibit A.

2. Sportsman's Warehouse, Inc. was served with, and actually received copies of the Allegheny County Court Action on June 4, 2024. Sportsman's Warehouse, Holdings, Inc. was served with, and actually received copies of the Allegheny County Court Action on June 20, 2024. As such, this Notice is timely filed within 30 days of service as required under 28 U.S.C. § 1446 and Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure. No further proceedings have been held herein, nor have any other pleadings or papers been filed other than those attached hereto as Exhibit A.

## DIVERSITY OF CITIZENSHIP

3. Plaintiff alleges he is a natural person domiciled in the Commonwealth of Pennsylvania. Compl. ¶ 10. Therefore, based on Plaintiff's Complaint, Plaintiff was and is a citizen of the Commonwealth of Pennsylvania when this action was filed in Allegheny County court, at the time of removal, and at all other times throughout the pendency of this case, and is therefore a citizen of Pennsylvania within the meaning of 28 U.S.C. § 1332.

4. For the purposes of diversity jurisdiction, a corporation is considered a citizen of both the state in which it is incorporated and the state in which its principal place of business is located. Sportsman's Warehouse, Inc is a corporation incorporated in Utah with its principal place of business located in West Jordan, Utah. Declaration of Jeff White ("White Declaration"),

attached hereto as Exhibit B, ¶ 3. Sportsman's Warehouse Holdings, Inc. is a corporation incorporated in Delaware with its principal place of business located in West Jordan, Utah. White Declaration ¶ 4. Accordingly, Defendants, collectively, are citizens of the states of Utah and the state of Delaware. *See* Compl. ¶¶ 11, 12.

5. There is complete diversity between Plaintiff and Sportsman's. This action may be removed to this Court by Sportsman's pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because Sportsman's is not a citizen of the Commonwealth of Pennsylvania, and Plaintiff is neither a citizen of Utah nor Delaware.

## AMOUNT IN CONTROVERSY

6. Plaintiff is claiming at least $1,000.00 in damages individually and predicts a class "so numerous that joinders of all members is impractical." Compl. ¶¶ 33, 55. Plaintiff defines his purported class as "Pennsylvania residents who added a firearm to their Sportsmans.com shopping cart or who purchased a firearm from Sportsmans.com and had this information shared with a third party (the "Class"). Specifically, in the Complaint, Plaintiff alleges damages as follows: "Defendants are liable to Plaintiff and other Class members in civil damages in the amount of $1,000 per occurrence or three times the actual damages in an amount to be determined at trial incurred as a result of the violation, whichever is greater." Compl. ¶ 55.

7. The White Declaration supports removal based upon 28 U.S.C. §§ 1332. Based upon a review of relevant business records, Sportsman's has confirmed that in 2023 and 2024, over 5,000 purchases of firearms were made through the sportsmans.com website by individuals who listed a Pennsylvania address as their address. White Declaration ¶ 8. Thus, if Plaintiff were to succeed in proving up his allegations that Sportsman's shared information with a third party in violation of the cited Pennsylvania statute, and if each putative class member seeks the same

4882-8754-7596.1

relief as Plaintiff, the aggregate requested damages would meet or exceed the $5,000,000 minimum jurisdictional requirement as established by the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, and 1711–15.

8. The White Declaration supports Removal based upon 28 U.S.C. §§ 1332, because Sportsman's has shown by a preponderance of the evidence that the damages being claimed will exceed $5,000,000.00. *Callery v. HOP Energy, LLC*, 620 F. Supp. 3d 223, 226 (E.D. Pa. 2022). Further, the White Declaration is sufficient to support a determination on the jurisdictional amount at issue. *See id*. at 227 ("Defendant does not need to concede liability to establish federal jurisdiction. Instead, the Court must look to the substance of Plaintiff's Complaint as filed, and to the class that Plaintiff alleges.").

9. Moreover, Plaintiff also claims entitlement to injunctive relief and attorney fees. Compl. page 14, ¶ g, h.

## OTHER PROVISIONS

10. Venue is proper in the United States District Court for the Western District of Pennsylvania, Pittsburgh Division, because it is the federal district court for the district and division encompassing the Court of Common Pleas of Allegheny County, Pennsylvania (where the Allegheny County Court Action was filed), pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 118(c).

11. Consistent with 28 U.S.C. § 1446(d), Sportsman's will promptly file a copy of this Notice of Removal with the Court of Common Pleas of Allegheny County, Pennsylvania, and will serve a copy of same upon Plaintiff's counsel, Gary F. Lynch, Eric S. Dwoskin, Norman E. Siegel, J. Austin Moore, and Kasey Youngentob. A copy of the notice to the docket in the Allegheny County Court Action is attached hereto as Exhibit C.

12. A Notice of Consent is not required because Sportsman's Warehouse, Inc. and Sportsman's Warehouse Holdings, Inc, on behalf of whom this notice is filed, are the only named Defendants.

13. Sportsman's reserves the right to amend or supplement this Notice of Removal.

14. No previous application has been made for the relief requested in this Notice.

WHEREFORE, Sportsman's removes this action, now pending in the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania, consistent with 28 U.S.C. §§ 1332, 1441, and 1446, and respectfully requests that the Court of Common Pleas of Allegheny County, Pennsylvania, proceed no further with respect to this action. If any question arises as to the propriety of the removal of this action, Sportsman's respectfully requests the opportunity to present a written brief and oral argument in support of its position that this case is removable.

Dated this 5th day of July 2024.

| DINSMORE & SHOHL LLP | KUTAK ROCK LLP |
|---|---|
| By: */s/ Richik Sarkar*<br>　Richik Sarkar<br>　OH Bar No. 0069993<br>　Sarah M. Hillman<br>　PA I.D. No. 330305<br>　1300 Six PPG Place<br>　Pittsburgh, PA 15222<br>　Telephone: (412) 281-5000<br>　Facsimile: (412) 281-5055<br>　Richik.Sarkar@Dinsmore.com<br>　Sarah.Hillman@Dinsmore.com | By: */s/ Todd C. Kinney*<br>　Todd C. Kinney (NE 21960, *pro hac vice forthcoming*)<br>　Carol A. Svolos (NE 24731, *pro hac vice forthcoming*)<br>　1650 Farnam Street<br>　Omaha, NE  68102<br>　Telephone: (402) 346-6000<br>　Facsimile: (402) 346-1148<br>　todd.kinney@kutakrock.com<br>　carol.svolos@kutakrock.com |
| *Attorneys for Defendants Sportsman's Warehouse, Inc. and Sportsman's Warehouse Holdings, Inc.* | *Attorneys for Defendants Sportsman's Warehouse, Inc. and Sportsman's Warehouse Holdings, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and a copy of the foregoing was served on the following via E-Mail.

| | |
|---|---|
| Gary F. Lynch<br>LYNCH CARPENTER LLP<br>1133 Penn Ave, 5th Floor<br>Pittsburgh, PA 15222<br>gary@lcllp.com<br><br>Eric S. Dwoskin<br>DWOSKIN WASDIN LLP<br>433 Plaza Real, Suite 275<br>Boca Raton, FL 33432<br>edwoskin@dwowas.com | Norman E. Siegel<br>J. Austin Moore<br>Kasey Youngentob<br>STUEVE SIEGEL HANSON LLP<br>460 Nichols Road, Suite 200<br>Kansas City, Missouri 64112<br>siegel@stuevesiegel.com<br>moore@stuevesiegel.com<br>youngentob@stuevesiegel.com |

*/s/ Richik Sarkar*

4882-8754-7596.1